UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRY MEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV808 RLW |
| ) | |
| DRURY SOUTHWEST, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Drury Southwest, Inc.'s Motion to Dismiss Count II of Plaintiff's First Amended Complaint (ECF No. 25). The motion is briefed and ready for disposition.

## I. Background

This case stems from Plaintiff's termination from employment with Defendant Drury of Southwest, Inc. ("Drury"). Plaintiff was employed by Drury as a Renovations Specialist. (First Am. Compl. ["FAC"] ¶ 8, ECF No. 23) Plaintiff has cerebral palsy, which causes her to walk on her tip toes. (FAC ¶¶ 12-13) Plaintiff's job required her to travel to different hotels throughout the United States. (FAC ¶ 14) According to her First Amended Complaint, an unknown supervisor in Paducah, Kentucky asked Plaintiff if she was walking on her tip toes, and Plaintiff replied, "yes." (FAC ¶ 15) The supervisor then contacted Plaintiff's direct supervisor, Ken Julius, about Plaintiff's condition. (FAC ¶ 16) Plaintiff alleges that the following day, Mr. Julius told Plaintiff she was going to be laid off because "she was a worker's comp case waiting to happen." (FAC ¶ 17) Plaintiff was terminated on September 1, 2014. (FAC ¶ 18)

In her First Amended Complaint, filed on April 27, 2017, Plaintiff alleges claims of Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, *et seq.* (Count I)

and Violation of Mo. Rev. Stat. § 287.780 (Count II). Specifically in Count II, Plaintiff contends that she was terminated in retaliation for exercising her workers' compensation rights. In response, Defendant has filed a Motion to Dismiss Count II, arguing that Plaintiff has failed to state a claim under Mo. Rev. Stat. § 287.780 because she has not alleged facts indicating that she suffered a work-related injury or attempted to exercise her rights under the Missouri Workers' Compensation Law.

## II. Legal Standard

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Supreme Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *Id.*; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S.

2

at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

### III. Discussion

In its Motion to Dismiss, Drury contends that Count II of Plaintiff's First Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because she has failed to allege facts indicating that she suffered a work-related injury or attempted to exercise her rights under the Missouri Workers' Compensation Law as required by Mo. Rev. Stat. § 287.780. Plaintiff, on the other hand, asserts that Missouri law does not require Plaintiff to show that she was employed by Drury before her workplace injury occurred and that terminating an employee based on an expectation that she will file a workers' compensation claim should be prohibited under Mo. Rev. Stat. § 287.780.

Under Section 287.780 of the Missouri Revised Statutes, "[n]o employer or agent shall discharge or discriminate against any employee for exercising any of his or her rights under [the Workers' Compensation Law] when exercising such rights is the motivating factor in the discharge or discrimination." Mo. Rev. Stat. § 287.780. Further, the statute defines "motivating factor" to mean "that the employee's exercise of his or her rights under this chapter actually played a role in the discharge or discrimination and had a determinative influence on the discharge or discrimination." *Id.* Under the statute, an employee may bring a civil action for damages against her employer if she has been discharged for exercising her rights under the Workers' Compensation Law. *Welker v. Panera Bread Co.*, No. 4:10CV2192 FRB, 2011 WL 1327427, at *2 (E.D. Mo. Apr. 6, 2011).

3

"To prevail in an action for retaliatory discharge under Mo. Rev. Stat. § 287.780, the aggrieved employee must prove: 1) [her] status as an employee of the defendant prior to the injury; 2) [her] exercise of a right granted by the Workers' Compensation Law; 3) the employer's discharge of plaintiff; and 4) an exclusive causal relationship between plaintiff's action and defendant's action." *Id.* (citing *Stephenson v. Raskas Dairy, Inc.*, 26 S.W.3d 209, 212 (Mo. Ct. App. 2000)). Where a plaintiff is unable to establish an element of a claim for retaliatory discharge, the claim must be dismissed for failure to make a submissible case under Mo. Rev. Stat. § 287.780. *Id.*

Here, Defendant Drury asserts that plaintiff has failed to allege that she suffered a work-related injury or that she exercised any right under the Missouri Workers' Compensation Law, and thus has failed to satisfy the first and second requirements for retaliatory discharge. The Court agrees with Defendant. Nowhere in her First Amended Complaint does Plaintiff state that she suffered any workplace injury. Indeed, Plaintiff alleges that she has cerebral palsy, a qualifying disability under the ADA, and that Defendant expressed concerned over this disability, not an injury. (FAC ¶¶ 12, 30)

In addition, Plaintiff's First Amended Complaint fails to allege that she exercised her rights under the Missouri Workers' Compensation Law. Instead, Plaintiff states that she had the right to pursue a workers' compensation claim and that Defendant Drury terminated her employment because Drury feared that Plaintiff would exercise those rights. (FAC ¶¶ 28-30) However, "[t]he plain language of section 287.780 provides . . . that 'no employer' can discharge any employee for exercising any of his or her rights under the workers' compensation law." *Hayes v. Show Me Believers, Inc.*, 192 S.W.3d 706, 707 (Mo. 2006). Plaintiff makes no claim that she took any affirmative action to exercise her rights under the Workers' Compensation

4

Law. Because Plaintiff has failed to allege that she exercised a right granted by the Missouri Workers' Compensation Law, Count II fails to state a claim under Mo. Rev. Stat. § 287.780 and will therefore be dismissed. *Welker*, 2011 WL 1327427, at *2.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Drury Southwest, Inc.'s Motion to Dismiss Count II of Plaintiff's First Amended Complaint (ECF No. 25) is **GRANTED** and Count II of the First Amended Complaint is **DISMISSED** pursuant to Fed. R. Civ. Pl 12(b)(6) for failure to state a claim.

**IT IS FURTHER ORDERED** that Defendant Drury Hotels Company, LLC's Motion to Dismiss Plaintiff's Complaint (ECF No. 8) is **DENIED** as **MOOT**.

Dated this 13th day of October, 2017.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**